1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11
12
13
14
15
16
17

DAKOTA L. WORLEY,

              Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy
Commissioner of Operations of Social
Security,

              Defendant.

Case No.  ED CV 17-01367-RAO

**MEMORANDUM OPINION AND
ORDER**

18
19
20
21
22
23
24
25
26
27
28

**I.      INTRODUCTION**

      Plaintiff Dakota L. Worley ("Plaintiff") challenges the Commissioner's denial of his application for supplemental security income ("SSI").  For the reasons stated below, the decision of the Commissioner is AFFIRMED.

**II.     PROCEEDINGS BELOW**

      On August 27, 2013, Plaintiff applied for SSI alleging disability beginning July 4, 2011.  (Administrative Record ("AR") 56-57, 72.)  His application was denied initially on January 23, 2014, and upon reconsideration on April 9, 2014. (AR 90, 96.)  Plaintiff filed a written request for hearing, and a hearing was held on December 1, 2015.  (AR 35, 103.)  Represented by counsel, Plaintiff appeared and

testified, along with an impartial vocational expert ("VE") and an impartial medical expert. (AR 37-55.) On January 7, 2016, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since August 27, 2013, the application date. (AR 30.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on July 7, 2017. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 27, 2013, the application date. (AR 20.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: cognitive disorder, not otherwise specified; depressive disorder; and congenital heart issue. (*Id*.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 22.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work . . . except he can occasionally lift and carry 20 pounds and frequently 10 pounds; he can stand and walk for six hours in an eight-hour workday with change of positions every 15 minutes at the worksite; he can sit for six hours in an eight-hour workday without any change of positions; he can push and pull within the weight limits given; he can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; he cannot climb ladders, ropes or scaffolds; he is to avoid concentrated exposure to fumes,

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

odors, dusts, gases, and poor ventilation; he should avoid all
machinery and heights; he is limited to simple repetitive type of tasks
with only occasional interaction with the public; and he may require
visual cues until learning of the simple repetitive tasks.

(AR 23.)

At **step four**, the ALJ found that Plaintiff has no past relevant work.  (AR 28.)  At **step five**, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," the ALJ found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform."  (AR 29.)  Accordingly, the ALJ determined that Plaintiff had not been under a disability since the application date.  (AR 30.)

III. **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)).  An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted).  "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be

upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises a single issue for review: whether the RFC assessment is supported by substantial evidence. (Joint Submission ("JS") 4.) For the reasons below, the Court affirms.

### A. The RFC Assessment is Supported by Substantial Evidence

Plaintiff contends that the ALJ erred in limiting Plaintiff to "simple repetitive type of tasks" instead of simple one- or two-step tasks. (JS 5.) Plaintiff notes that the ALJ adopted the opinion provided by Heather Tomilowitz, Ph.D., which limited Plaintiff to simple one- or two-step jobs. (*Id.*; *see* AR 28.) The Commissioner contends that the ALJ did not err in the RFC assessment because the ALJ gave only "partial weight" to Dr. Tomilowitz's opinion and gave greater weight to other medical opinions. (JS 8.)

#### 1. Applicable Legal Standard

The ALJ is responsible for assessing a claimant's RFC "based on all of the relevant medical and other evidence." 20 CFR §§ 404.1545(a)(3), 404.1546(c); *see Robbin*s, 466 F.3d at 883 (citing Soc. Sec. Ruling 96-8p (July 2, 1996), 1996 WL 374184, at *5). In doing so, the ALJ may consider any statements provided by medical sources, including statements that are not based on formal medical examinations. *See* 20 CFR §§ 404.1513(a), 404.1545(a)(3). An ALJ's determination of a claimant's RFC must be affirmed "if the ALJ applied the proper

4

legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *accord Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation thereof, and making findings.'" *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted).

## 2.  Discussion

In determining Plaintiff's RFC, the ALJ first considered Plaintiff's testimony and subjective allegations, which he found to be "less than fully credible." (AR 24.)  The ALJ also determined that a Third Party Function Report completed by Plaintiff's mother was not credible because she is not a medical professional and her statements are inconsistent with Plaintiff's reported activities and abilities. (*Id.*)  The ALJ observed that Plaintiff has "mild findings" with respect to his mental health issues, noting that records from multiple examinations revealed normal mood and affect, proper orientation, no depression, no distress, and normal behavior, judgment, and thought content. (AR 25-26.)  The ALJ also considered medical evidence related to Plaintiff's heart issues, noting relatively normal findings. (*See* AR 26.)

Plaintiff does not dispute these determinations.  Plaintiff's sole contention is that the ALJ erred in omitting Dr. Tomilowitz's limitation to simple one- or two-step jobs after stating that he was adopting that assessment. (JS 5.)

Dr. Tomilowitz completed a psychological evaluation of Plaintiff in December 2013. (AR 487-94.)  Dr. Tomilowitz opined, in part, that Plaintiff is "[a]ble to understand, remember and carry out simple one or two-step job[s]," but is "[u]nable to do detailed and complex instructions due to cognitive impairment." (AR 493.)  The ALJ gave Dr. Tomilowitz's opinion "partial weight." (AR 28.)  The ALJ "adopt[ed] the assessment that the claimant is limited to simple one or

two-step jobs because it is consistent with records reflecting that the claimant's behavior, judgment, and thought content were normal." (AR 28; *see* AR 493.) The ALJ then rejected Dr. Tomilowitz's opinion regarding Plaintiff's impaired ability to maintain concentration, attention, persistence, and pace, finding that this opinion was inconsistent with the record and noting that Plaintiff was negative for depression. (AR 28; *see* AR 493.)

The ALJ also considered the opinions of three other medical professionals. (*See* AR 28.) Andres Kerns, Ph.D. reviewed Plaintiff's medical records in connection with Plaintiff's initial SSI application. (AR 66-68.) Dr. Kerns determined that Plaintiff was not significantly limited in his ability to carry out very short and simple instructions, could maintain adequate attention for simple routines, and could interact with others on a limited basis. (AR 67-68.) Upon reconsideration of Plaintiff's application, Joshua D. Schwartz, Ph.D. also reviewed Plaintiff's records and found that the "[t]otality of evidence" suggested that Plaintiff is capable of unskilled work. (AR 80.) Dr. Schwartz determined that the medical evidence of record was consistent with the initial review of Plaintiff's application, and Dr. Schwartz adopted that evaluation. (*Id.*) At the administrative hearing, David Peterson, a licensed psychologist, testified as a medical expert. (*See* AR 38-41.) Dr. Peterson reviewed Plaintiff's medical records and opined that Plaintiff could not complete detailed and complex tasks, but he was capable of simple and repetitive tasks. (AR 40.) Dr. Peterson also suggested that Plaintiff could occasionally interact with the public and would require visual cues when learning tasks. (AR 40-41.)

The ALJ gave great weight to these three opinions, noting the limitation to simple repetitive tasks, ability to occasionally interact with the public, and the requirement of visual cues as a reasonable accommodation for Plaintiff's auditory memory difficulties. (AR 28.) The ALJ found that the opinions were consistent with objective medical records and with Plaintiff's normal behavior, judgment, and

thought content. (*Id.*) The ALJ was therefore permitted to assign great weight to these nonexamining opinions. *See Morgan*, 169 F.3d at 600 ("Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it."); *Ruiz v. Colvin*, 638 F. App'x 604, 606 (9th Cir. 2016) (finding that the ALJ did not err in giving the greatest weight to nonexamining state agency medical consultants because "the ALJ found their opinions consistent with the greater medical record, progress and treating notes, and [the plaintiff]'s description of her daily activities").

It is the job of the ALJ to assess and interpret the evidence, *see Reddick*, 157 F.3d at 725, and the RFC determination must be based on all of the relevant evidence. *See* 20 CFR §§ 404.1545(a)(3), 404.1546(c); *see Robbins*, 466 F.3d at 883 (citing Soc. Sec. Ruling 96-8p (July 2, 1996), 1996 WL 374184, at *5). Although the ALJ "adopt[ed] the assessment that the claimant is limited to simple one or two-step jobs," the ALJ also gave greater weight to the opinions that Plaintiff could perform "simple repetitive tasks." (AR 28.) The ALJ's ultimate RFC findings, which limited Plaintiff to "simple repetitive type of tasks," is a rational evaluation of the differently weighted opinions and must be upheld. *See Ryan*, 528 F.3d at 1198 (an ALJ's decision should be upheld "[w]here evidence is susceptible to more than one rational interpretation"); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.").

Accordingly, the Court finds that the ALJ's RFC assessment is supported by substantial evidence. *See Arrieta v. Astrue*, 301 F. App'x 713, 715 (9th Cir. 2008) (finding that substantial evidence supported the RFC determination when the ALJ properly evaluated the opinion evidence and relied on supporting medical reports and testimony).

Within Plaintiff's contentions regarding the RFC assessment, Plaintiff also argues that the ALJ committed reversible error by failing to include a limitation to

simple one- and two-step instructions in the hypothetical posed to the VE. (JS 5.) Plaintiff contends that a limitation to simple one- and two-step instructions restricts him to Reasoning Level 1 jobs, and nearly all of the jobs identified by the VE require Reasoning Level 2. (JS 6.) Plaintiff then contends that the sole Reasoning Level 1 job identified does not exist in significant numbers. (JS 6-7.)

However, as discussed above, the ALJ's RFC determination—which does not restrict Plaintiff to simple one- or two-step instructions—is supported by substantial evidence. Consequently, the ALJ did not err in excluding additional restrictions in the hypothetical, and the ALJ properly relied on the VE's identification of Reasoning Level 2 jobs. *See Bayliss*, 427 F.3d at 1217 (finding that an ALJ properly relied on a VE's testimony in response to a hypothetical that "contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record").

Because the Court finds that the RFC assessment is supported by substantial evidence and that the ALJ properly relied on the VE's testimony, the ALJ's decision must be affirmed. *See Sampson v. Astrue*, 441 F. App'x 545, 547 (9th Cir. 2011) ("Because the ALJ's hypothetical to the [VE] encompassed the RFC and the VE identified available jobs in the national and local economy, the ALJ's finding of no disability was supported by substantial evidence.").

## V.  **CONCLUSION**

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: May 14, 2018                      _____/s/_____
                                         ROZELLA A. OLIVER
                                         UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**